116 So.2d 251 (1959)
Phil TOMEI and Eunice Tomei, Appellants,
v.
Raymond Hugh CENTER and Alice Mildred Center, Appellees.
No. 1358.
District Court of Appeal of Florida. Second District.
December 2, 1959.
Rehearing Denied December 23, 1959.
*252 Muscarella & Perenich, Clearwater, for appellants.
Forrest Hoffman, St. Petersburg, for appellees.
SPOTO, I.C., Associate Judge.
This is an appeal from a summary final judgment for defendants in a suit filed by Phil Tomei and Eunice Tomei against Raymond Hugh Center and Alice Mildred Center for injuries sustained by Eunice Tomei on a stairway in an apartment building belonging to Raymond Hugh Center and Alice Mildred Center. Eunice Tomei was paying a social call on one of the tenants on the second floor and upon not finding her home she descended the front stairway, which was the same stairway she had used in ascending, and as she was descending, one of the boards gave way, causing her left leg to fall through to the upper part of her thigh, as a result of which she sustained back and neck injuries. She filed a complaint against Raymond Hugh Center and Alice Mildred Center, owners of the apartment building, alleging that the boards were rotted, that the stairway was in a dangerous condition, and that the defendants knew, or by the exercise of reasonable care should have known, of the defective condition, and having known, failed to warn the plaintiff, Eunice Tomei, of said condition. The complaint also contained a count on behalf of her husband. Upon answer being filed, both plaintiffs and defendants moved for a summary final judgment based on the *253 pleadings, depositions and affidavits on file. The trial judge entered a summary final judgment for the defendants, finding that there was no genuine issue as to any material facts between the parties and that the defendants violated no legal duty owing to plaintiffs.
The first question presented by plaintiffs on this appeal relates to the legal status of the plaintiff, Eunice Tomei, in her relationship with the defendants, and the duty owed to her by the defendants. It is agreed that the plaintiff was on the premises of the defendants for the sole and express purpose of making a purely social call upon a tenant of the defendants' apartment building when plaintiff was injured. There is no suggestion of any business, commercial, or other relationship between the plaintiff and the tenant or the plaintiff and the landlord. In these circumstances, the legal status of the plaintiff, Eunice Tomei, in her relationship with the landlord is that of licensee. See Roth v. Flom, Fla.App. 1958, 105 So.2d 179, 180. The Court in that case said:
"It is concluded that the plaintiff in this case was on the premises of the defendant's apartment building for the purpose of visiting a friend who was a tenant of the defendant. Therefore the plaintiff, in her relationship with the defendant, was a licensee upon the premises."
In the case of Stewart v. Texas Company, Fla., 1953, 67 So.2d 653, 654, the Court defines "licensees" and sets forth the duty owed to licensees. In that case the Court said:
"As the rule is stated in 38 Am.Jur., Negligence, sec. 104 and sec. 105: `A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure, or benefit. * * * Mere licensees are about the least favored in law of men who are not actual wrongdoers. It has been stated that an owner or occupant owes one whom he permits to enter for the latter's convenience no duty except not to harm him wilfully or wantonly, or to set traps for him, or to expose him to danger recklessly or wantonly. * * *'"
In McNulty v. Hurley, Fla., 1957, 97 So.2d 185, 187, the Court said:
"`"A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure, or benefit."' Stewart v. Texas Company, Fla., 1953, 67 So.2d 653, 654."
"The duty owed a licensee is to refrain from wanton negligence or willful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla. 1956, 91 So.2d 644. There may be a further duty to a licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. Goldberg v. Straus, Fla. 1950, 45 So.2d 883; 65 C.J.S. Negligence § 35 g; Prosser, Torts, Sec. 77, p. 450; Restatement, Torts, Sec. 342, Comment d."
The affidavits submitted by plaintiffs' witnesses and the deposition of the defendant-landlord establish that the defect was not apparent but was a latent defect caused by dry rotting from below. The defendant-landlord in his deposition states that notwithstanding his frequent inspections of the premises, he did not know of the defect and nothing appears in this record to refute this fact.
We therefore conclude that in the status which the plaintiff occupied as licensee, the defendants violated no legal duty owed to the plaintiff. This being so, there was no further material issue of fact before the Court and the trial judge correctly entered a summary final judgment for the defendants. In view of the above *254 ruling on the first question argued by counsel for the parties, it becomes unnecessary for this Court to pass on the remaining assignments of error.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.