RAWLS, Judge.
The Braxtons, defendants below, appeal from an adverse final judgment based upon a jury verdict holding them liable as landlords for injuries sustained by invitees on the leased premises.
There are two questions involved in this appeal. 1. Is a landlord responsible for injuries to social guests on premises wholly in the possession of a tenant when such injuries are occasioned by a state of disrepair and an ordinance requires the landlord to repair? 2. Was the evidence sufficient to show that the defect was caused by ordinary wear and tear ?
On June 19, 1967, plaintiffs Eula and Edward McBride went to visit the David McBrides at their home in Jacksonville. As they were walking across the front porch, which had no visible signs of defect, Eula suffered injuries when one of her legs fell through the flooring. She and her husband brought this action against the landlord who filed a third-party complaint against the tenants. A default judgment was entered against the tenants, and the jury returned a^ verdict against the landlord.
The tenant, Mrs. David McBride, testified that when the porch was being repaired she observed that the floor sills near the door where the accident occurred were “rotted through.” There was visible rot at the other end of the porch, but at the place where the accident occurred the rot was underneath. The tenant reported the need for porch repairs to the landlord’s Jacksonville rent-collecting agent several times prior to the accident, on occasions when she paid her monthly rent to him. The landlord, Mrs. Braxton who lived in Miami, testified that she had owned the house for over IS years; that it had been leased to these tenants for over 6 years; and that her agent’s authority was for collecting rent only, but he was the one she authorized to hire a carpenter to repair the porch. The trial judge instructed the jury that notice to the agent was notice to the landlord and no issue has been made on this appeal as to the correctness of that instruction. It is undisputed that a Jacksonville ordinance required a landlord of a dwelling to repair “when necessary due to deterioration through normal wear and tear” and required the tenant to keep the furnished facilities in good serviceable condition exclusive of deterioration through normal wear and tear.
The landlords contend that their motion for directed verdict should have been granted because at common law it is the tenant, and not the landlord, who is liable for injuries to third persons occasioned by the condition of the demised premises. It is their contention that a statute requiring a landlord to repair but not specifically imposing liability for failure to do so, imposes no greater duty than a covenant to repair. The landlord relies upon King v. Cooney-Eekstein Co.[1] wherein the Supreme Court stated that although both the lessor and lessee may be liable, at common law the prima facie liability is upon the tenant *718 to keep the leased property reasonably safe for persons who go lawfully upon the premises by express or implied invitation even though the lessor has covenanted to keep the premises in repair. In 1917 the Supreme Court in Simms v. Kennedy[2] announced the landlord’s liability thusly:
“A lessor landlord may be liable to third persons for injuries caused by defects in leased premises during the term of the lease, * * * when the lessor has entire or partial control of the premises, or is required by law or undertakes to keep or to assist in keeping the premises in repair, or where his negligence or participation is a proximate cause of the injury. Liability of the lessor may also flow from special circumstances or from applicable provisions of law.” (Emphasis supplied.)
This Court held in Conroy v. Briley[3] that violation of a penal ordinance which is part of a building code is “at least, pri-ma facie evidence of negligence” on the part of the property owner, and in Richardson v. Fountain[4] that failure of a store owner to comply with an ordinance regulating the height of an awning above the sidewalk was negligence per se and rendered him subject to liability for injuries to persons using the sidewalk.
This action was brought against the landlords alleging that their failure to comply with the statute by repairing a defect which they knew or in the exercise of due care should have known existed, was negligence which constituted the proximate cause of plaintiff’s injuries. The evidence showed that the landlord had notice of the defect which was not visible to the plaintiff.
Appellants are not contending that the social guest is not within the class of persons the statute was designed to protect, but they are contending that the tenant and not the landlord is liable for injuries sustained by a social guest due to the landlord’s failure to comply with the statute by making the required repairs to the leased dwelling. This contention is without merit. Here the statute not only required the landlord of a dwelling to repair, when necessary, conditions caused by deterioration due to normal wear and tear, but it also relieved the tenant of this responsibility.
Appellants by their second point contend that since their third-party complaint alleged that the “rotten, weak, unsound, unsafe” condition of the porch was due to deterioration “other than” normal wear and tear, the default of the tenants admitted this allegation. Therefore, they contend that the testimony of the tenant, Mrs. David McBride, was incompetent as proof of the cause of the defect. This is not a case of one attempting to refute his own sworn testimony. The appellants admitted by their pleadings that rot in the wooden porch was the cause of the defect. The second point is without merit.
The judgment appealed is affirmed.
JOHNSON, C. J., and WIGGINTON, J., concur.

. King v. Cooney-Eekstein Co., 66 Fla. 246, 63 So. 659 (1913).

. Simms v. Kennedy, 74 Fla. 411, 76 So. 739, 740 (1917). See also Goldstein v. Great Atlantic & Pacific Tea Co., 142 So.2d 115 (Fla.App.3d 1962), which added the requirement of notice of the defect.

. Conroy v. Briley, 191 So.2d 601 (Fla.App.lst 1966).

. Richardson v. Fountain, 154 So.2d 709 (Fla.App.lst 1963).