247 So.2d 471 (1971)
C.R. BARD, INC., Appellant,
v.
Marlene MASON, a Single Woman, Formerly Marlene Clark, and Trustees of Mease Hospital, Inc., a Florida Corporation, Appellees.
No. 70-196.
District Court of Appeal of Florida, Second District.
March 3, 1971.
Rehearing Denied April 15, 1971.
Cecyl L. Pickle, of Knight, Underwood, Peters, Hoeveler & Pickle, Miami, for appellant.
Emerson L. Parker, of Parker & Schultz, St. Petersburg, for Marlene Mason.
Glenn M. Woodworth, of Roney, Ulmer, Woodworth & Jacobs, St. Petersburg, for Trustees of Mease Hospital.
MANN, Judge.
An intravenous catheter inserted into the vein of plaintiff was severed somehow and part of it traveled through the vein to the heart, necessitating complex surgery. Bard manufactured the catheter and contends that the verdict against it is founded on an inference on an inference.
There was testimony that a small percentage of Bard's catheters contained burrs which could result in the severance of the inserted portion even though it was properly inserted. The jury's verdict depends on finding that this happened in this instance. Bard says that this finding depends upon inference that the particular catheter  both ends of which were "routinely" discarded by the two hospitals involved  was faulty and a further inference that the portion which traveled to the heart was severed in this manner. This is a beguiling argument, but it is not an "inference upon an inference" as that misunderstood phrase is used in the cases. Of course a finding that the catheter was severed as a consequence of faulty manufacture is based on an inference. There is no direct proof of this *472 fact. But all of the other possibilities are excluded by direct evidence which the jury could  and obviously did  believe. This leaves the inference of faulty manufacture sufficiently supported. See Tillery v. Standard Sand and Silica Co., Fla.App. 1969, 226 So.2d 842; Annotation, 5 A.L.R. 3d 100.
Affirmed.
PIERCE, C.J., and McNULTY, J., concur.