265 So.2d 730 (1972)
John O. CAMP, As Father of Randall Glen Camp, Deceased, and John O. Camp, As Administrator of the Estate of Randall Glen Camp, Deceased, Appellant,
v.
GULF COUNTIES GAS COMPANY, a Florida Corporation, et al., Appellees.
Nos. 71-24, 71-25.
District Court of Appeal of Florida, Second District.
August 23, 1972.
Woolfolk, Myers, Curtis, Craig & Gibson, Lake Wales, and Podhurst, Orseck & Parks, Miami, for appellant.
John R. Bush, and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees Gulf Counties Gas Co. and Liberty Mutual Ins. Co.
David J. Williams, of Langston & Massey, Lakeland, for appellees Frank Wood and State Farm Fire & Cas. Co.
MANN, Judge.

Any discussion of the categories of invitee, licensee, and trespasser would be *731 quite inadequate without the observation that these distinctions have been more and more obscured during the last century as courts have moved toward imposing on owners and occupiers a single duty of reasonable care in all the circumstances.[1]
We extrapolate, from a recent decision of our Supreme Court,[2] a trend toward the sound view that there is not, as Lord Dunedin once suggested, "an absolutely rigid line" separating invitees, licensees and trespassers.[3] It now seems clear that our court has come to the view that "The duty is not to invitees as a class, nor to licensees as a class, but to the very person himself who is lawfully there. What is reasonable care in regard to him depends on all the circumstances of the case."[4]
There are older Florida authorities, overruled since the trial judge granted summary judgment for the defendant in this case, which would have led him to believe that for want of an "economic benefit" the plaintiff could not have qualified as anything but a "mere" licensee, scarcely more deserving of the landowner's attention than a trespasser.[5]
The facts of this case illustrate well why rigid pigeonholes do not accurately describe the duty of care owed by Wood, the landowner, to Randall Camp, the plaintiff's deceased son. A decade ago, when security from atomic attack was thought to lie underground, Wood built a bomb shelter in his front yard. He installed a gas line into it, extending to two appliances, one for light, the other for cooking. Young Camp died five days after an explosion in the shelter, where he had visited Frank Wood, Jr. often. On the day of the accident, young Wood was ill, and in the main house. The boys had done some painting in the shelter, and were working on an outboard motor in the Wood's garage. It is not clear why Randall Camp went to the shelter. After the explosion, the valve to the gas lamp was open part way. There are many more facts than need be stated in the opinion, but suffice it to say that at least one  we do not say only one  suggests a basis on which a jury might conceivably find both Wood and the gas company liable. There was no shut-off valve between the appliance and the point at which the gas line entered the shelter. There is an engineer's testimony adducible at trial to the effect that such a valve is necessary in the interest of safety. The trial judge states in his order that no regulation of the industry association requires such a fail-safe device, but this is, first of all, a matter of interpretation of a general regulation requiring a shut-off valve at every point "where safety, convenience of operation and maintenance demands," and, secondly, not definitive of due care anyhow, although it is evidence to be considered.
In short, the trial judge prematurely terminated these proceedings. Whether a jury ultimately finds either or both defendants liable depends upon their common sense understanding of the numberless permutations of the relationship between duty and expectation. They are fit judges of the question whether the host acted reasonably, *732 in all the circumstances, toward Randall Camp.[6]
The argument that a judgment for plaintiff would necessarily involve a pyramiding of inferences is without merit for reasons explained in C.R. Bard, Inc. v. Mason, Fla.App. 1971, 247 So.2d 471.
Reversed and remanded.
LILES, A.C.J., and HOBSON, J., concur.
NOTES
[1] Clark, C.J., dissenting in Kermarec v. Compagnie Generale Transatlantique, 2d Cir.1957, 245 F.2d 175, 180, rev'd, adopting Judge Clark's view, by a unanimous Supreme Court, 1959, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550, per Stewart, J.
[2] Post v. Lunney, Fla. 1972, 261 So.2d 146; see also Green Springs, Inc. v. Calvera, Fla. 1970, 239 So.2d 264.
[3] Robert Addie & Sons (Collieries) v. Dumbreck, (1929) A.C. 358, 371 (Scot.).
[4] Denning, L.J., in Hawkins v. Coulsdon & Purley Urban Dist. Council, (1954) 1 Q.B. 319, 337.
[5] McNulty v. Hurley, Fla. 1957, 97 So.2d 185; overruled in Post v. Lunney, Fla. 1972, 261 So.2d 146.
[6] 2 Harper & James, The Law of Torts, ch. 27 (1956); Prosser, Torts (3d ed. 1964), ch. 11; Restatement (Second), Torts, ch. 13; Hughes, Duties to Trespassers: A Comparative Survey and Revaluation, 68 Yale L.J. 633 (1959); James, Tort Liability of Occupiers of Land: Duties Owed to Trespassers, 63 Yale L.J. 144 (1953); James, Tort Liability of Occupiers of Land. Duties Owed to Licensees and Invitees, 63 Yale L.J. 605 (1954). The opinion of the Supreme Court of California in Rowland v. Christian, 69 Cal.2d 108, 70 Cal. Rptr. 97, 443 P.2d 561, contains an excellent discussion of the problem. The report of this case at 32 A.L.R.3d 496 is followed by a useful annotation.