RAWLS, Judge.
Appellant Hauben brings this appeal from a summary judgment which held that as a matter of law appellee Melton was not liable for injuries Hauben sustained while visiting a friend in an apartment owned by Melton. The sole question presented by this appeal is: For purposes of establishing a landlord’s liability for injuries does a social guest of the tenant occupy the legal status of a “licensee ?”
Prior to February 15, 1970, Mike Blakely rented a one-bedroom garage apartment from Melton. The apartment was above the garage and was reached by a stairway. The landing at the top of the stairway was surrounded by a railing. The rental agreement between Blakely and Melton was oral and it was generally understood by the parties that Melton was responsible for any repairs to the premises.
During' the weekend of February 15, 1970, Hauben arrived in Gainesville to attend a wedding. Hauben and Blakely were friends and on Saturday Hauben went to the apartment as a guest to visit Blakely. The two friends visited for a few minutes, ate some Brownies and then decided to go out on the porch to “cool off.” Hauben leaned (or sat) against the railing on the porch which gave way causing him to fall tp the ground and sustain injuries. Prior to this incident neither Melton nor Blakely had any knowledge of a possible defect in the railing.
The parties to this litigation agree that Hauben was on Melton’s premises as Blakely’s social guest. It was further agreed that if Hauben was in the eyes of the law a “licensee,” then Melton was not responsible for Hauben’s injuries. Based on the agreed facts and the agreed stipulation on liability, the trial judge ruled that Hauben as a matter of law occupied the status of a “licensee” while on Melton’s premises as a social guest of Melton’s tenant, Blakely, and thus that Melton under the instant factual situation was not liable for Hauben’s injuries.
Hauben argues that a landlord’s liability to persons on his rented premises is not determined by casting them into the legal status of a trespasser, licensee or invitee. Hauben contends that the guiding light for determining a landlord’s liability in this situation was pronounced by the Florida Supreme Court in 1917 [1] when it stated:
“A lessor landlord may be liable to third persons for injuries caused by defects in *18 leased premises during the term of the lease, when the defect in or condition of the premises at the time of the lease was a violation of law, or was in the nature of a nuisance existing or incipient because of negligent construction or otherwise, or when the lessor has entire or partial control of the premises, or is required by law or undertakes to keep or to assist in keeping the premises in repair, or where his negligence or participation is a proximate cause of the injury. Liability of the lessor may also flow from special circumstances or from applicable provisions of law.
“But prima facie where the lessee is in entire possession, occupancy, and control of the premises under a lease, and the premises were in good condition when leased, the lessor is not liable in damages for injuries to third persons caused by defects in the premises . . . ”
We agree with Hauben that the courts of this state have at times rationalized their determinations of this knotty liability problem by referring to the guest’s legal status as a licensee or invitee;[2] on other occasions the judiciary has supported its determinations of the same problem by referring to the principles enunciated in the Simms case.[3]
The Florida Supreme Court recently reviewed the law of this state concerning the status of persons lawfully on the premises of a landowner. Therein our highest court concluded that a social guest is a licensee.[4] The duty owed by a landowner to a “licensee” is to warn him of known dangers which the licensee is not likely to discover and to refrain from wanton negligence or wilful misconduct which might injure the licensee. The landowner is under no duty to protect the licensee from injuries which might arise from unknown defects in the premises.[5] These legal obligations of a landlord to a licensee are in harmony with the standards set forth in Simms. Simms does recognize that a landowner, by placing himself in the dual role of a landlord-landowner, may increase his liability to social guests upon his premises by bringing into play applicable provisions of local or state law or other special circumstance.[6] Absent one of these unique conditions, no reason exists for increasing an owner’s liability to a social guest upon his premises merely because he is also a landlord.
The judgment appealed is affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.

. Simms v. Kennedy, 74 Fla. 411, 76 So. 739, 740 (1917).

. Tomei v. Center, 116 So.2d 251 (2 Fla. App.1959); Roth v. Flom, 105 So.2d 179 (3 Fla.App.1958).

. Braxton v. McBride, 241 So.2d 716 (1 Fla.App.1970).

. “The licensee status of the social guest in the home remains unchanged ...” (Emphasis supplied.) Post v. Lunney, Supreme Court of Florida, 261 So.2d 146, 149, opinion filed April 5, 1972.

. Stewart v. Texas Co., 67 So.2d 653 (Fla. 1953).

. Braxton v. McBride, 241 So.2d 716 (1 Fla.App.1970).