284 So.2d 691 (1973)
Frank WOOD and State Farm Fire & Casualty Company, an Illinois Corporation, Petitioners,
v.
John O. CAMP, As Father of Randall Glen Camp, Deceased, and John O. Camp, As Administrator of the Estate of Randall Glen Camp, Deceased, Respondent.
No. 42837.
Supreme Court of Florida.
October 3, 1973.
*693 David J. Williams, of Langston & Massey, Lakeland, for petitioners.
Robin Gibson of Woolfolk, Myers, Curtis, Craig & Gibson, Lake Wales, and Robert Orseck, of Podhurst, Orseck & Parks, P.A., Miami, for respondent.
DEKLE, Justice.
The standard of care to be exercised toward the "social guest" is before us in this asserted conflict with Post v. Lunney, 261 So.2d 146 (Fla. 1972). Lunney involved only a "public invitee" so that there is conflict of course with that part of the Second District holding sought to be reviewed, reported at 265 So.2d 730 (1973), which attributes to Lunney an erroneous principle beyond its holding.[1] The extent of our holding in Lunney was to remove the former "economic benefit" or "mutual benefit" requirement of McNulty v. Hurley, 97 So.2d 185 (Fla. 1957), and prior holdings, which was the former basis to qualify as a "public invitee" entitled to the standard of "reasonable care" at the hands of the property owner. We adopted instead an "invitation test" as to public or business invitees.
In the cause under review Judge Robert Mann undertook to remove all distinctions of standing and degrees of care involving trespassers, licensees and invitees upon a property owner's premises. Judge Mann would simply apply a test of reasonableness under the circumstances in every situation.[2] No other Florida court has ventured so far with such an over-simplification of a complex problem and the varying relationships which arise in which different legal principles have been applied.
The case asserted for conflict, upon which we took jurisdiction, Post v. Lunney, supra, was simply an enlargement of the class of "business invitees" to include "public invitees" without regard to the former requirement for some economic benefit to the owner. We did not, however, change the differing degrees of care applying and in fact reiterated these (261 So.2d p. 147) and expressly continued the status of each class.[3]
The validity of these differences is most apparent in the case of trespassers whose presence cannot be charged to the unknowing owner (absent an "attractive nuisance" situation) and as to whom the owner or his representative, not knowing of his presence, has no opportunity to take precautions or to warn. Of course, the owner, if he does become aware of the trespasser's presence, must warn of any dangers known to him and not open to ordinary observation. An owner cannot, however, be held liable for a negligent condition as to an undiscovered trespasser who chooses to come upon his property without his knowledge. It is unreasonable to subject an owner to a "reasonable care" test against someone who isn't supposed to be there and about whom he does not know. The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to *694 warn him of known dangers not open to ordinary observation.[4]
The trouble with a complete dissolution of distinctions in the classes of those who come upon one's property is that they do not lend themselves to a single class or relationship with the property owner. For example, consider the property owner's position where his tenant, such as a roomer or occupant of a hotel room, invites the tenant's friend over for an afternoon visit. The friend proceeds upon arrival through the corridors of the property owner's building on his way to the room of the invitor but becomes interested in an adjoining recreation room or service area (not a "common corridor") down which he proceeds and falls over a stack of tables customarily kept there for the use of the hotel dining room. He never gets to the invitor's (tenant's) premises at all. The property owner is not responsible to such an "uninvited guest" as he would be to his own "invitee" for "reasonable care".[5]
The guest in our example has gone into areas where the hotel owner would not expect him to be and yet under a "pure" reasonable care doctrine as enunciated by Judge Mann, the property owner would be as obligated to such a "stranger" as he would be to his own paying customers at a banquet. There is a valid distinction in the duty of care between the two because it is the relationship established between persons which must be the criterion for the duty owed. The hotel owner would have no reason to expect its tenants' guests in the hotel service area during the day and therefore under our former delineations of different categories, he would owe such a person only the historical duty toward a "licensee", not intentionally to expose him to harm and to warn against actual known dangers, of which a customarily stacked group of tables in a service area would not likely be a reasonably anticipated danger to the "off limits" guest.
The asserted answer which is suggested to us for these concerns is that they are all "washed out" or melded into a general consideration by the jury as to what was proper and reasonable under the circumstances; we are told that the jury might well find that it was not a violation of "reasonable care" to have the tables stacked in the service area and thus the jury would find for the defendant. This may be so but it is a dangerous generality (and expense) to which to subject an owner. Such vague terminology applied in every circumstance affords no guidelines or distinctions, even as to the trespasser; just to say that the rule is "reasonable care under the circumstances" in all instances ignores the responsibility of the law to provide guidance. Surely the category of trespasser must receive separate consideration because of the unsolicited relationship and if this be a valid distinction, why is not that between the uninvited guest and one who is an invitee?
Perhaps the distinction of "invited" and "uninvited" visitor is the fairest line of demarcation and the division should be between the guest who is uninvited or who is invited, either expressly or by an invitation which can be reasonably implied from the circumstances.
Plaintiff refers to a category which he terms "licensees by invitation" and suggests that such persons should be transposed to a status of an express invitee. This may be the same thing in different language than ours expressed immediately above. Plaintiff argues with some logic that it does not seem reasonable to have a higher degree of care for commercial persons who come upon the property (reasonable care) and those friends who are invited *695 as social guests who are now treated only as licensees (not intentionally to harm and to warn of known dangers). We admit to being troubled by the variation and yet must seek to ascribe reasonable rules.
We decline to recognize the purportedly innocuous rule suggested by the Second District, that a jury should merely be instructed that the duty of care of the landowner is "whether the landowner's actions were reasonable in light of all the factual circumstances in the case." This is too vague and unreasonable a test to apply to a landowner because of the remaining, inherent distinctions in relationships involved between persons who come upon an owner's property; neither does it sufficiently afford a reasonable standard which can be applied as a measure by the jury. Some guidelines which the jury can apply to the facts in arriving at a just verdict, are indicated.
Consider, for example, the liability of the landowner for a latent defect for which he would normally not be liable but becomes liable if he actually knows of it so that he might warn of the dangerous condition. Ladenson v. Eder, 195 So.2d 211 (Fla. 1967). The case of active negligence not related to the premises is of course a valid exception. Hix v. Billen, 284 So.2d 209.
A tenant's social guest has been viewed only as a licensee as to the landlord, which is a perfectly logical relationship where there is no contact between them. Tomei v. Center, 116 So.2d 251 (Fla.App.2d 1959); Roth v. Flom, 105 So.2d 179 (Fla. App.3d 1958); and Jackson v. Asselta, 160 So.2d 167 (Fla.App.3d 1964). These are areas requiring guidelines.
We resolve our dilemma in a troublesome area by concluding, and we so hold, that the class of invitees now under the present definition in Lunney as entitled to reasonable care is expanded to include those who are "licensees by invitation" of the property owner, either by express or reasonably implied invitation. We thereby eliminate the distinction between commercial (business or public) visitors and social guests upon the premises, applying to both the single standard of reasonable care under the circumstances. In doing so, we continue the category of licensees who are uninvited, that is, persons who choose to come upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances. We realize this very limited category seems to overlap with the trespasser but there can be narrow distinctions and we justify this narrow class of "uninvited licensee" on such basis. Also retained is the separate category and present limited duty toward trespassers. The requirement continues of reasonable care toward all business or public invitees as at present in accordance with Lunney.
We should comment upon our holding in Britz v. LeBase, 258 So.2d 811 (Fla. 1971), wherein we upheld the validity of the several distinctions, as we have done over the years. We point out that the real bases for the holding in LeBase were the absence of attractive nuisance sought to be proved there and the fact that the injury occurred OFF the property of the defendant. Our reference in LeBase to the liability of a property owner toward the guest as a "licensee" at that time, as being only as to known dangers (from which we now depart as to a social guest), was not the main basis for that holding.
The presence upon the premises, reasonably to be expected by the owner, his family, agents or servants, of the person who is injured; the person's purpose for being upon the premises; and the location where he was at the time of injury, are factors to be weighed together with all other evidence bearing on the duty allegedly owed and bearing on what constitutes "reasonable care in the circumstances."
We do not agree with defendant's broad assertion that present law *696 makes it the duty of the trial judge in every instance to make the determination of the category of the plaintiff as to whether he is invitee, licensee or trespasser. Defendant cites Broad Street Christian Church v. Carrington, 234 So.2d 732 (Fla. App.2d 1970), and asserts that Bryant v. Matlin, 172 So.2d 902 (Fla.App.3d 1965), did not have the plaintiff's status as an issue on the appeal. It may be that on the facts in a particular case the determination of the category of the plaintiff must be determined as a matter of law by the trial judge, as in other cases in this respect; other causes will present a factual issue for the jury as to whether plaintiff is invitee, licensee or trespasser under appropriate instructions. We feel that the present case falls in this latter division for the jury.
The trial judge's determination of which categories fall within the evidence is pertinent to what charges shall be given to the jury. It does not follow, however, that it is the trial judge's duty in every instance to fix the plaintiff's category, any more than it is to make any other determination of fact.
The question of status may very easily be a matter for the jury where the facts on such question are in dispute; such is the case here. The plaintiff may well have been in one category or the other depending upon the jury's finding on disputed facts.
We feel that the standards herein set forth are based upon logic and reason and upon the relationship of the parties. We reject the complete abolition of distinctions as between persons upon an owner's premises for liability connected with the condition of those premises, in the manner those distinctions are wiped away without difference or standard in Packard v. City and County of Honolulu, 51 Haw. 134, 452 P.2d 445 (1969); Rowland v. Christian, 69 Cal.2d 108, 70 Cal. Rptr. 97, 443 P.2d 561 (1968); Peterson v. Balach (Minn. 1972), 294 Minn. 161, 199 N.W.2d 639; and Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550. The result of those cases is practically to make the owner an insurer of those who come upon his premises.
In our diluting of the strict distinctions between heretofore existing categories of persons as invitees and licensees and the differing degrees of care to be exercised by a property owner toward them, we go no further than herein announced. We do not choose to travel the broad road of those other jurisdictions urged upon us to drop all bars and distinctions in persons as related to the property of another. In doing so, we are mindful of the basic reasons for the distinctions in the first place; namely, that a property owner is entitled to some privacy upon his own premises and should not be bound to those who choose to avail themselves of it at will. We are also cognizant however of the continuing inroads of a crowded society, living of necessity in close proximity. We are aware of the contiguous property of others which demands concern for the welfare of our neighbor. Life in these United States is no longer as simple as in the frontier days of broad expanses and sparsely settled lands. Inexorably our peoples, gregarious in nature, have magnetized to limited and congested areas. With social change must come change in the law, for as President Woodrow Wilson observed, "The first duty of the law is to keep sound the society it serves."
That dynamic orator and former Dean of Stetson University College of Law, Thomas F. Lambert, Jr., Association of Trial Lawyers of America Editor, in addressing that organization in a speech entitled "The Law Is Not All Anchor or All Sail," observed:
"Justice is the realization of reasonable expectations, reflecting those wise restraints that make men free."
*697 Such are the goals we must keep before us as we chart the course of the law toward "reasonable expectations".
We expressly recede from our prior pronouncements contrary to the views herein set forth.[6]
Having so held, we strike from the district court's opinion all language further enlarging the rule regarding the categories of visitors upon the premises and the degrees of care applying. We agree with the reversal for jury trial, however, because the facts could have supported a reasonable inference of negligence sufficient for the plaintiff's recovery as an invited guest, if the jury so found. Summary judgment was not, therefore, proper here, and we concur that the cause should be remanded for jury trial.
The petition for certiorari is accordingly
Denied.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD and McCAIN, JJ., concur.
ERVIN, J., dissents.
ERVIN, Justice (dissenting):
I agree with Judge Mann and would discharge the writ.
NOTES
[1] Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441 (Fla. 1961).
[2] Judge Mann appears to have been pursuing two years ago the same philosophy as here (that there is but one test of tort liability in all circumstances, namely, "reasonable care" toward all persons in all relationships) when he wrote for this Court in Green Springs, Inc. v. Calvera, 239 So.2d 264 (Fla. 1970). Perhaps this accounts for Justices Carlton and Boyd there concurring only in the conclusion.
[3] "The licensee status of the social guest in the home remains unchanged as does the status of the trespasser and the respective standards of care applicable to each." (Text at p. 149)
[4] Byers v. Gunn, 81 So.2d 723 (Fla. 1955); McNulty v. Hurley, 97 So.2d 185, 187 (Fla. 1957).
[5] McNulty's alternative exception (quoted 261 So.2d at p. 148 of Lunney) excludes as an invitee one who is upon the premises "for his own convenience, or on business with others than the owner of the premises." (i.e., with a tenant in our example.)
[6] Hauben v. Melton, 267 So.2d 16 (Fla. App.1st 1972); Goldberg v. Straus, 45 So.2d 883 (Fla. 1950); Tomei v. Center, 116 So.2d 251 (Fla.App.2d 1959); and Pinson v. Barlow, 209 So.2d 722 (Fla.App.2d 1968) etc.