DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN CASSERLY,**
Appellant,

v.

**THE CITY OF DELRAY BEACH,**
Appellee.

No. 4D16-1771

[September 27, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 502015CA014117XXXXMB.

Kenneth J. Ronan, Nicole C. Seropian, and John E. Schwencke of Lavalle Brown & Ronan, P.A., Boca Raton, for appellant.

R. Max Lohman, City Attorney, and Janice Rustin, Assistant City Attorney, Delray Beach, for appellee.

GERBER, C.J.

The plaintiff appeals from the circuit court's final order granting the City's motion to dismiss the plaintiff's complaint with prejudice. In the complaint, the plaintiff alleged, in sum, that the City's negligence in failing to repair or warn against a pothole in the City's street caused him injuries when he tripped over the pothole while rollerblading in the street. The circuit court reasoned that sections 316.0085 and 316.2065(11), Florida Statutes (2014), when read together, precluded the City's liability.

The plaintiff primarily argues the circuit court erred by ruling that sections 316.0085 and 316.2065(11) must be read together. According to the plaintiff, each statute is clear and unambiguous and should have been given their plain and obvious meanings, which do not preclude the City's liability.

We agree with the plaintiff to the extent he argues that section 316.0085 may be read on its own without consideration of section 316.2065(11). However, reading section 316.0085 on its own still precludes the City's liability. Thus, we affirm the dismissal order.

Our review is de novo. *See Headley v. City of Miami*, 215 So. 3d 1, 5 (Fla. 2017) ("Issues of statutory interpretation are subject to de novo review."); *Wallace v. Dean*, 3 So. 3d 1035, 1045 (Fla. 2009) ("We review *de novo* the dismissal of a complaint for failure to state a cause of action."); *Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd.*, 752 So. 2d 582, 584 (Fla. 2000) ("A trial court's ruling on a motion to dismiss based on a question of law is subject to de novo review.").

Section 316.0085, Florida Statutes (2014), entitled "Skateboarding; inline skating; freestyle or mountain and off-road bicycling; paintball; definitions; liability," provides, in pertinent part:

> (1) The purpose of this section is to encourage governmental owners or lessees of property to make land available to the public for skateboarding, inline skating, paintball, and freestyle or mountain and off-road bicycling. It is recognized that governmental owners or lessees of property have failed to make property available for such activities because of the exposure to liability from lawsuits and the prohibitive cost of insurance, if insurance can be obtained for such activities. It is also recognized that risks and dangers are inherent in these activities, which risks and dangers should be assumed by those participating in such activities.
>
> . . . .
>
> (3) This section does not grant authority or permission for a person to engage in . . . inline skating . . . on property owned or controlled by a governmental entity unless such governmental entity has specifically designated such area for . . . inline skating . . . .
>
> (4) A governmental entity or public employee is not liable to any person who voluntarily participates in . . . inline skating . . . for any damage or injury to property or persons which arises out of a person's participation in such activity, and which takes place in an area designated for such activity.
>
> (5) This section does not limit liability that would otherwise exist for any of the following:
>
> (a) The failure of the governmental entity or public employee to guard against or warn of a dangerous condition of which a

2

participant does not and cannot reasonably be expected to have notice.

. . . .

(7)(a) Any person who participates in or assists in . . . inline skating . . . assumes the known and unknown inherent risks in these activities irrespective of age, and is legally responsible for all damages, injury, or death to himself or herself or other persons or property which result from these activities. . . . A governmental entity that sponsors, allows, or permits . . . inline skating . . . on its property is not required to eliminate, alter, or control the inherent risks in these activities.

§ 316.0085, Fla. Stat. (2014).

Here, the plaintiff conceded that he was inline skating in an area not designated for such activity. Nevertheless, the plaintiff, in his first argument, attempts to use that fact to his advantage, and then, in his second argument, attempts to circumvent that fact to his advantage. We reject both arguments as leading to absurd results. *See Amente v. Newman*, 653 So. 2d 1030, 1032 (Fla. 1995) ("If possible, the courts should avoid a statutory interpretation which leads to an absurd result.").

First, the plaintiff argues that because the Legislature's expressed intent in subsection (4) was to preclude governmental liability where a person is damaged or injured while inline skating "in an area designated for such activity," then subsection (4)'s preclusion of governmental liability does not apply to him because he was inline skating in an area *not* designated for such activity.

We reject this first argument as leading to an absurd result. Given the Legislature's expressed intent in subsection (4) to absolve a governmental entity from liability where a person is damaged or injured while inline skating "in an area designated for such activity," it would be an absurd result to hold a governmental entity liable where a person is damaged or injured while inline skating in an area *not* designated for such activity. This is especially true given subsection (7)'s admonitions that:

- "Any person who participates in or assists in . . . inline skating . . . assumes the known and unknown inherent risks in these activities irrespective of age, and is legally responsible for all damages, injury, or death to himself or herself or other persons or property which result from these activities"; and

3

- "A governmental entity that sponsors, allows, or permits . . . inline skating . . . on its property is not required to eliminate, alter, or control the inherent risks in these activities."

Second, the plaintiff argues that the Legislature's expressed intent in subsection (5)(a) to permit governmental liability for "[t]he failure of the governmental entity or public employee to guard against or warn of a dangerous condition of which a participant does not and cannot reasonably be expected to have notice," applies to his claim even though he was damaged or injured while inline skating in an area *not* designated for such activity.

We reject this second argument as also leading to an absurd result. Given the Legislature's express statement in subsection (3) that section 316.0085 "does not grant authority or permission for a person to engage in . . . inline skating . . . on property owned or controlled by a governmental entity *unless such governmental entity has specifically designated such area for . . . inline skating . . .* " (emphasis added), it would be an absurd result to conclude that the Legislature nevertheless intended to permit governmental liability under subsection (5)(a) where a person is damaged or injured while inline skating in an area *not* designated for such activity.

Given our conclusion that section 316.0085, read on its own, precludes the City's liability, we also conclude that the circuit court's error, ruling that sections 316.0085 and 316.2065(11) must be read together, was harmless. *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

In any event, to the extent the circuit court's ruling may have implicitly recognized that section 316.2065(11), like section 316.0085, supported dismissal of the plaintiff's claim, we agree with such recognition. Section 316.2065(11) provides:

> *No person upon roller skates*, or riding in or by means of any coaster, toy vehicle, *or similar device*, *may go upon any roadway except while crossing a street on a crosswalk*; and, when so crossing, such person shall be granted all rights and shall be subject to all of the duties applicable to pedestrians.

§ 316.2065(11), Fla. Stat. (2014) (emphasis added). The emphasized plain language supports the conclusion that it would be an absurd result for the Legislature to permit governmental liability under section 316.2065(11)

4

where a person is damaged or injured while inline skating upon a roadway but *not* "while crossing a street on a crosswalk."

The plaintiff's final argument on appeal is that the circuit court improperly considered matters beyond the four corners of the complaint in determining the legal sufficiency of whether the plaintiff stated a cause of action. Specifically, the plaintiff cites to a portion of the hearing transcript in which the circuit court asked the plaintiff's counsel whether any allegation reasonably could be made that the plaintiff was within the street's crosswalk at the time of the accident.

We disagree with the plaintiff's final argument. As the plaintiff acknowledges in his initial brief, the circuit court expressly stated that its purpose in asking the question was not to assist the court in determining how to rule on the City's motion to dismiss, but in determining whether to give the plaintiff the opportunity to file an amended complaint alleging that the plaintiff was inline skating in a permissible area:

> So it's dismissed with prejudice. And the reason it's dismissed with prejudice is if – I asked the question earlier could you plead that he was in a crosswalk which would have taken it out – it would have put it in one of the exceptions. And when I found out that you didn't have facts to be able to plead he was in a crosswalk, *otherwise I would have given you the opportunity to amend to plead with specificity that he was, in fact, in a crosswalk and therefore the statute would not have applied to him.*

(emphasis added). *See McCray v. Bellsouth Telecommunications, Inc.*, 213 So. 3d 938, 939 (Fla. 4th DCA 2017) ("Refusal to allow an amendment is an abuse of the trial court's discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or *amendment would be futile.*") (emphasis added; citation omitted).

Our colleague's concurring opinion theorizes that, if the plaintiff had been able to plead the complaint differently, the plaintiff may have been able to state a cause of action under the common law duty owed to a trespasser. We choose not to address our colleague's theory for two reasons: (1) the plaintiff did not preserve this argument before the circuit court, *see Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) ("Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court.") (citation omitted); and (2) the plaintiff has not raised this argument in his initial brief, much less in this appeal, *see Tillery v. Fla. Dep't of Juv. Justice*, 104 So. 3d 1253, 1255 (Fla.

1st DCA 2013) ("[A]n argument not raised in an initial brief is waived . . . .").

Based on the foregoing, we affirm the circuit court's dismissal order.

*Affirmed.*

FORST, J., concurs.
WARNER, J., concurs with an opinion.

WARNER, J., concurring.

While I disagree with the majority's reasoning, I agree that the complaint did not state a cause of action against the City. The trial court dismissed appellant's complaint alleging negligence by the City of Delray Beach ("the City") in the repair of a street where appellant was injured while rollerblading. It concluded that the City was not liable as a matter of law based on section 316.2065, Florida Statutes (2014), which prohibits skaters on public roads, and section 316.0085, Florida Statutes (2014), which limits a governmental entity's liability for injuries to persons while skating or biking in areas designated for such activities. Although the statutes do not preclude all liability of the City, the complaint still did not state a cause of action.

Appellant filed a complaint against the City for injuries he received while rollerblading on one of the City's streets. The complaint alleged that his inline skate became embedded in a pothole, causing him to fall and sustain injuries. A City employee had attempted to repair the pothole earlier the same day, but no signs or warnings had been placed around the improperly repaired pothole to alert people of the newly placed asphalt. Appellant alleged that the City was negligent for "[f]ailure to provide its users of the public thoroughfare with the exercise of reasonable and ordinary care to keep and maintain the roadways, especially the asphalt on Boone Drive, in a condition safe for use by the public[.]"

The City moved to dismiss based upon sections 316.0085 and 316.2065, Florida Statutes. It argued that inline skating or rollerblading upon a roadway was prohibited under section 316.2065(11), which provides that no person upon roller skates may go upon any roadway except while crossing a street on a crosswalk. The City further contended that the Florida Legislature expressly limited liability for injuries to persons who are rollerblading, recognizing in section 316.0085(7) that rollerbladers assume all known and unknown risks inherent in the activity. The trial court conducted a hearing on the motion to dismiss and granted the motion with prejudice, finding that the two statutes must be

read in pari materia in order to harmonize the legislature's intent. It ruled that appellant assumed the risk of injury by skating and was solely liable under section 316.0085(1) and (7)(a). Thus, the court granted the motion to dismiss with prejudice and denied a motion for rehearing. Appellant appeals the order of dismissal.

The trial court's ruling held as a matter of law that the City was not liable based upon a reading of both section 316.2065 and section 316.0085. A trial court's ruling on a motion to dismiss based on a question of law is reviewed *de novo*. *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000).

Section 316.2065, entitled "Bicycle regulations[,]" is part of the Florida Uniform Traffic Control Law, and provides:

> No person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar device, may go upon any roadway except while crossing a street on a crosswalk; and, when so crossing, such person shall be granted all rights and shall be subject to all of the duties applicable to pedestrians.

§ 316.2065(11), Fla. Stat. (2014). As the City acknowledges in its brief, ordinarily a court would look to common law theories to determine the extent of liability of the governmental entity where a roller skater was injured in a public roadway. Here, the statute prohibits skating in the roadway, and a violation is considered a non-criminal traffic offense. Therefore, because of the statutory prohibition, a skater is in the position of a trespasser on the public roadway. *See Norris v. City of Miami*, 367 So. 2d 1038 (Fla. 3d DCA 1979) (where ordinance made it unlawful to trim trees on public right of way without a permit, a person injured while trimming trees on a right of way without a permit was a trespasser to which City owed duty to avoid willful and wanton harm or, if discovered, to warn of dangers not open to ordinary observation). *Wood v. Camp*, 284 So. 2d 691 (Fla. 1973), set forth the duty owed by a property owner to a trespasser:

> The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation.

*Id.* at 693-94. The complaint neither alleged any act constituting "willful and wanton harm" nor did it allege that appellant's presence was discovered such that a duty to warn arose. Instead, the complaint proceeded on the theory that appellant was authorized to skate on the

street.  Because appellant was in the position of a trespasser, the complaint failed to state a cause of action against the City for a breach of its limited duties in this circumstance.

The City further contends that even if there was a duty which the City violated, section 316.0085 absolves it of liability.  Section 316.0085, of Florida Uniform Traffic Control Laws, which is entitled "Skateboarding; inline skating; freestyle or mountain and off-road bicycling; paintball; definitions; liability," created a comprehensive framework to allow the government to provide recreational activities for skateboarding, skating, off-road bicycling, and paintball without the government incurring liability for injuries or the high expense of insurance. The relevant portions of the statute provide:

> (1)  The purpose of this section is to encourage governmental owners or lessees of property to make land available to the public for skateboarding, inline skating, paintball, and freestyle or mountain and off-road bicycling.  It is recognized that governmental owners or lessees of property have failed to make property available for such activities because of the exposure to liability from lawsuits and the prohibitive cost of insurance, if insurance can be obtained for such activities.  It is also recognized that risks and dangers are inherent in these activities, which risks and dangers should be assumed by those participating in such activities.

> (2)  As used in this section, the term:

> . . . .

> (b) **"Inherent risk" means those dangers or conditions that are characteristic of, intrinsic to, or an integral part of skateboarding, inline skating**, paintball, and freestyle or mountain and off-road bicycling.

> . . . .

> (4) A governmental entity or public employee is not liable to any person who voluntarily participates in skateboarding, inline skating, paintball, or freestyle or mountain and off-road bicycling for any damage or injury to property or persons which arises out of a person's participation in such activity, and which takes place in an area designated for such activity.

8

(5)  This section does not limit liability that would otherwise exist for any of the following:

(a)  The failure of the governmental entity or public employee to guard against or warn of a dangerous condition of which a participant does not and cannot reasonably be expected to have notice.

(b)  An act of gross negligence by the governmental entity or public employee that is the proximate cause of the injury.

. . . .

Nothing in this subsection creates a duty of care or basis of liability for death, personal injury, or damage to personal property.  Nothing in this section shall be deemed to be a waiver of sovereign immunity under any circumstances.

. . . .

(7)(a) Any person who participates in or assists in skateboarding, inline skating, paintball, or freestyle or mountain and off-road bicycling **assumes the known and unknown inherent risks in these activities** irrespective of age, and is legally responsible for all damages, injury, or death to himself or herself or other persons or property which result from these activities. . . . A governmental entity that sponsors, allows, or permits skateboarding, inline skating, paintball, or freestyle or mountain or off-road bicycling on its property is not required to eliminate, alter, or control the inherent risks in these activities.

§ 316.0085, Fla. Stat. (2014) (emphasis added).

As noted in the first paragraph of the statute, the statute's purpose is to limit governmental liability for injuries as a means of encouraging governments to provide places where these popular activities can take place.  § 316.0085(1), Fla. Stat. (2014).  The government is not liable for damages or injuries which occur to the participant while engaged in these activities when they take place at a government-designated area for the activity, **except** where the government has failed to warn of a dangerous condition of which the participant does not know and would not be expected to know.  § 316.0085(4), (5)(a), Fla. Stat. (2014).  This is consistent with a property owner's duty to a discovered trespasser.  *See*

9

*Wood*, 284 So. 2d at 693-94. Thus, the governmental entity does not have complete immunity from liability under section 316.0085.

Further, under section 316.0085(7)(a), the participant assumes the "inherent risks" of the activity, which are defined in section 316.0085(2)(b) as "dangers or conditions that are characteristic of, intrinsic to, or **an integral part** of . . . inline skating[.]" Matters such as faulty repair of the skating surface are surely not an "integral part" of skating. Therefore, the statutes, read separately or in pari materia, do not suggest complete immunity from liability. Instead, each depends upon the status of the injured person and the circumstances of the accident.

Appellant alleged in his complaint that he was legally rollerblading on the street, but pursuant to section 316.2065(11), he was prohibited from using the street for such activities, thus making him a trespasser. He alleges negligence against the City for failure to properly maintain and repair the street, a duty not owed by the City to a trespasser, nor are they duties owed under section 316.0085 to appellant. He also alleges a failure to warn, which might create a duty to a discovered trespasser, but the allegations do not support his status as such. Because the complaint failed to allege any duty owed by the City, I agree that the complaint was properly dismissed.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***