Warner, J., concurring. While I disagree with the majority’s reasoning, I agree that the complaint'did not state a cause of action against the City, The trial court dismissed appellant’s complaint alleging negligence by the City of Delray Beach (“the City”) in the repair of a street where appellant was injured while rollerblading. It concluded that the City was not liable as a matter of law based on section 316.2065, Florida Statutes (2014), which prohibits skaters on public roads, and section 316.0085, Florida Statutes (2014), which limits a governmental entity’s liability for injuries to persons while skating or biking in areas designated for such activities. Although the statutes do not preclude all liability of-the City, the complaint still did not state a cause of action. Appellant filed a complaint against the City for injuries he received while rollerblading on one of the City’s streets. The complaint alleged that his inline skate became embedded in a pothole, causing him to fall and sustain injuries. A City employee had attempted to repair the pothole earlier the same day, but no signs or warnings had been placed around the improperly repaired pothole to alert people of the newly placed asphalt. Appellant alleged that the City was negligent for “[fjailure to provide its users of the public thoroughfare with the exercise of reasonable and ordinary care to keép and maintain the roadways, especially the asphalt on Boone Drive, in a condition safe for use by the public[.]” The City moved to dismiss based upon sections 316.0085 and 316.2065, Florida Statutes. It argued that inline skating or rollerblading upon a roadway was prohibited under section 316.2065(11), which provides that no person upon roller skates may go upon any roadway except while crossing a street on a crosswalk. The City further contended that the Florida Legislature expressly limited liability for injuries- to persons who are rollerblading, recognizing in section 316.0085(7) that rol-lerbladers assume all known and unknown risks inherent in the activity. The trial court conducted a hearing on the motion to dismiss and granted the motion with prejudice, finding that the two statutes must be read in pari materia in order to harmonize the legislature’s intent. It ruled that appellant assumed the risk of injury by skating and was solely liable under section 316.0085(1) and (7)(a). Thus, the court granted the motion to dismiss with prejudice and denied a motion for rehearing. Appellant appeals the order, of dismissal. The trial court’s ruling held as a matter of law that the City was not liable based upon a' reading of both section 316.2065 and section 316.0085. A trial court’s ruling on a motion to dismiss based on a question of law is reviewed de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla. 2000). Section 316.2065, entitled “Bicycle regulations[,]” is part of the Florida Uniform Traffic Control Law, and provides: No person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar , device, may go upon any roadway except while crossing a street on a crosswalk; and, when so crossing, such person shall be granted all rights and shall be subject to all of the duties applicable to pedestrians. § 316.2065(11), Fla. Stat. (2014). As the City acknowledges in its brief, ordinarily a court would look to common law theories to determine the extent of liability of the governmental entity where a roller skater was injured in a public roadway. Here, the statute prohibits skating in the roadway, and a violation is considered a non-criminal traffic offense. Therefore, because of the statutory prohibition, a skater is in the position of a trespasser on the public roadway. See Norris v. City of Miami, 367 So.2d 1038 (Fla. 3d DCA 1979) (where ordinance made it unlawful to trim trees on public right of way without a permit, a person injured while trimming trees on a right of way without a permit was a trespasser to which City owed duty to avoid willful and wanton harm or, if discovered, to warn of dangers not open to ordinary observation). Wood v. Camp, 284 So.2d 691 (Fla. 1973), set forth the duty owed by a property owner to a trespasser: The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation. Id. at 693-94. The complaint neither alleged any act constituting “willful and wanton harm” nor did it allege that appellant’s presence was discovered such- that a duty to warn arose. Instead, the complaint proceeded on the theory that appellant was authorized to skate on the street. Because appellant was in the' position of a trespasser, the complaint failed to state a cause of action against the City for a breach of its limited duties in this circumstance. The City further contends that even if there was a duty which the City violated, section 316.0085 absolves it of liability. Section 316.0085, of Florida Uniform Traffic Control Laws, which is entitled “Skateboarding; inline skating; freestyle or mountain and off-road bicycling; paintball; definitions; liability,” created a comprehensive framework to allow the government to provide recreational activities for skateboarding, skating, off-road bicycling, and paintball without the government incurring liability for injuries or the high expense of insurance. The relevant portions of the statute provide: (1) The purpose of this section is to encourage governmental owners or lessees of property to make land available to the public for skateboarding, inline skating, paintball, and freestyle or mountain and off-road bicycling. It is recognized that governmental owners or lessees of property have failed to make property available for such activities because of the exposure to liability from lawsuits and the prohibitive cost of insurance, if insurance can be obtained for such activities. It is also recognized that risks and dangers are inherent in these activities, which risks and dangers should be assumed by those participating in such activities. (2) As used in this section, the term: [[Image here]] (b) “Inherent risk” means those dangers or conditions that are characteristic of, intrinsic to, or an integral part of skateboarding, inline skating, paintball, and freestyle or mountain and off-road bicycling. [[Image here]] (4) A governmental entity or public employee is not liable to any person who voluntarily participates in skateboarding, inline skating, paintball, or freestyle or mountain and off-road bicycling for any damage or injury to property or persons which arises out of a person’s participation in such activity, and which takes place in an area designated for such activity. (5) This section does not limit liability that would otherwise exist for any of the following: (a) The failure of the governmental entity or public employee to guard against or warn of a dangerous condition of which a participant does not and cannot reasonably be expected to have notice. (b) An act of gross negligence by the governmental entity or public employee that is the proximate cause of the injury. [[Image here]] Nothing in this subsection creates a duty of care or basis of liability for death, personal injury, or damage to personal property. Nothing in this section shall be deemed to be a waiver of sovereign immunity under any circumstances. [[Image here]] (7)(a) Any person who participates in or assists in skateboarding, inline skating, paintball, or freestyle or mountain and off-road bicycling assumes the known and unknown inherent risks in these activities irrespective of age, and is legally responsible for.all damages, injury, or death to himself or herself or other persons or property which result from these activities.... A governmental entity that sponsors, allows, or permits skateboarding, inline skating, paintball, or freestyle or mountain or off-road bicycling on its property is not required to eliminate, alter, or control the inherent risks in these activities. § 316.0085, Fla. Stat. (2014) (emphasis added). As noted in the first paragraph of the statute, the statute’s purpose is to limit governmental liability for injuries as a means of encouraging governments to provide places where these popular activities can take place. § 316.0085(1), Fla. Stat. (2014). The government is not liable for damages or injuries which occur to the participant while engaged in these activities when they take place at a government-designated area for the activity, except where the government has failed to warn of a dangerous condition of which the participant.-does not know and would not be expected to know. § 316.0085(4), (5)(a), Fla. Stat. (2014). This is consistent with a property owner’s duty to a discovered trespasser. See Wood, 284 So.2d at 693-94, Thus, the governmental entity does not have complete immunity from liability under section 316.0085. Further, under section 316.0085(7)(a), the participant assumes the “inherent risks” of the activity, which are defined in section 316.0085(2)(b) as “dangers or conditions that are characteristic of, intrinsic to, or an integral part of ... inline skating[.]” Matters such as faulty repair of the skating surface are surely not an “integral part” of skating. Therefore, the statutes, read separately or in. pari materia, do. not suggest complete immunity from liability. Instead, each depends upon the status of the injured person and the circumstances of the accident; • Appellant alleged in his complaint that He was legally rollerblading on the street, but pursuant to section 316.2065(11), he was prohibited from using the street for such activities, thus making him a trespasser. He alleges negligence against the City for failure to properly maintain and repair the street, a duty not owed' by the City to a trespasser, nor are they duties owed under section 316.0085 to appellant. He also alleges a failure to warn, which might create a duty to a discovered trespasser, but the allegations do not support his status as such. Because the complaint failed to allege any duty owed by the City, I agree that the complaint was properly dismissed.