308 So.2d 602 (1975)
Donald L. LIBBY, Administrator of the Estate of James Edward Libby, a Minor, Deceased, Appellant,
v.
WEST COAST ROCK COMPANY, INC., a Florida Corporation, et al., Appellees.
No. 74-398.
District Court of Appeal of Florida, Second District.
February 19, 1975.
Rehearing Denied March 18, 1975.
*603 John B. Cechman, of Goldberg, Rubinstein & Buckley, Fort Myers, for appellant.
A.C. Shields, III, of Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellees West Coast Rock Co. and The Travelers Ins. Co., and John W. Boult, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellees Virgil H. Osborn and Meta Osborn.
GRIMES, Judge.
This is an appeal from an order dismissing the third amended complaint with prejudice. According to the complaint, the Osborns were the owners of real property which had been mined some thirteen years before by West Coast Rock Company, Inc. At the conclusion of the mining operation, West Coast removed all fences, barricades and warning signs from roadways adjacent to certain rock pits which had resulted from its mining. The land had been often used at night to the knowledge of the defendants "as a place to sit and talk and communicate, and said area became and was, in fact, used regularly and frequently and consistently as a `lovers' lane' by minors and other young persons." On the night of March 30, 1971, James Edward Libby, a minor, accompanied by Pamela Davis, drove a motor vehicle into one of the rock pits which had become filled with water. Both occupants of the vehicle were drowned.
The complaint further alleged:
"8. That JAMES EDWARD LIBBY operated said vehicle into said pit at a certain point because the angle of the roadway made it extremely difficult for the operator of the motor vehicle to discover the existence of said rock pit by ordinary observation and to keep his motor vehicle on the traveled roadway and further the angle of said roadway caused the lights of the vehicle using said roadway to be directed in such a way that the operator of the vehicle could not tell that he was operating adjacent to or into a rock pit and the operator of said motor vehicle could not see the edge of the roadway and the Defendants knew or by the exercise of reasonable care should have known that the condition in this paragraph existed."
There were no allegations of attractive nuisance.
In Wood v. Camp, Fla. 1973, 284 So.2d 691, our Supreme Court said:
"... The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him and upon discovery of his presence to warn him of known dangers not open to ordinary observation."
*604 Since there is no contention of willful and wanton harm and no allegation that the defendants knew Libby was on their land, the complaint alleges no breach of duty to Libby as a trespasser. Despite appellant's argument to the contrary, the phrase "upon discovery of his presence" as used in Wood does not simply mean that the landowner must have been aware at some time within the foreseeable past that a class of persons deemed trespassers had been traversing upon his land over a relatively continuous period of time leading up to a particular trespasser's injury. See Byers v. Gunn, Fla. 1955, 81 So.2d 723; W. Prosser, The Law of Torts 369 (3d ed. 1964).
We do not believe the theory of placing a higher obligation upon a landowner when he knows of the continued existence of previous trespassers over a substantial period of time to be one which changes the duty of an owner to a trespasser. Under these circumstances, it is more appropriate to elevate the status of a trespasser who is injured on the land to that of a licensee. 65 C.J.S. Negligence § 683; Prosser, supra at 368; cf. 2 F. Harper and F. James, The Law of Torts § 27.7 (1956).
In Wood v. Camp, supra, the court raised the status of those who were licensees by invitation to that of an invitee. At the same time, the court said:
"... In doing so, we continue the category of licensees who are uninvited, that is, persons who choose to come upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances. We realize this very limited category seems to overlap with the trespasser but there can be narrow distinctions and we justify this narrow class of `uninvited licensee' on such basis... ."
Assuming the truth of the allegations before us, Libby falls within the classification of an uninvited licensee. However, the bare conclusion that the defendants had "impliedly invited the citizens of the area" to use the premises by allowing them to remain open for use by the public as a "lovers' lane" cannot serve to further elevate Libby's status to that of an invitee.
The duty owed a licensee is to refrain from wanton negligence or willful misconduct which would injure him, to refrain from intentionally exposing him to danger and to warn him of a defect or condition known to the landowner to be dangerous when such danger is not open to ordinary observation by the licensee. Post v. Lunney, Fla. 1972, 261 So.2d 146; McNulty v. Hurley, Fla. 1957, 97 So.2d 185.
When the factual allegations of the complaint (as distinguished from its conclusions) are measured against the obligations of the defendants to a licensee, it becomes clear that a cause of action was not stated. There is no allegation that the defendants were guilty of wanton negligence or willful misconduct or that they had intentionally exposed Libby to danger. Their duty to warn related only to those dangerous conditions known to them which were not open to ordinary observation by a licensee. Admitting for the sake of argument that a water-filled rock pit with steep sides may be a dangerous condition, it was, nevertheless, open to ordinary observation. It cannot be said that the landowners should have reasonably contemplated that an open rock pit would not be readily seen.
Our holding is consistent with § 342 of the Restatement of Torts 2d, which states:
"§ 342. Dangerous Conditions Known to Possessor
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable *605 risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved." (emphasis supplied)
Affirmed.
McNULTY, C.J., and HOBSON, J., concur.