350 So.2d 545 (1977)
Raymond JOHNSON, a Minor, by and through His Mother and Next Friend, Violet Johnson, Appellant,
v.
Douglas BATHEY, Individually, Mercy Bathey, Individually, and Naples Limitee, Inc., a Florida Corporation, Appellees.
No. 76-503.
District Court of Appeal of Florida, Second District.
October 5, 1977.
*546 G. Holdt Garver of Thomes & Garver, and Fred L. Gillette, Jr. of Parks, Gillette, White & Manz, Naples, for appellant.
Patrick E. Geraghty and Kempton P. Logan of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee, Naples Limitee, Inc.
HOBSON, Acting Chief Judge.
In this appeal, arising out of an accident on defendant/appellee's agricultural property, the plaintiff/appellant asserts the trial court erred in granting summary judgment for the defendants. Plaintiff specifically assails entry of such a judgment in a case predicated on negligence involving theories of attractive nuisance and dangerous instrumentality.
The plaintiff, a minor of nine years of age, was playing hooky on the day of the accident herein. He was accompanied by his 13 1/2 year old brother. The accident which caused the injury occurred at approximately 12:00 noon on the day in question. Both boys were on their way to a packing house which was on farm land leased by the defendant Bathey to the farming operator, the defendant Limitee. The purpose of this trip was to pick up some vegetables discarded by Limitee since they were too small for packing. The boys had been to the packing house previously for such purposes and the plaintiff's brother had worked for Limitee in the fields before.
In choosing a route to the packing house the boys decided to take a short-cut across the farm property. This route required them to climb over a dike or hill and wade across a four-foot irrigation ditch, the depth of which is described as reaching the waist of the older brother. Some 60 yards further the boys happened on a water pump which was near the path which they were taking. The record reveals that the pump was a portable pump having an open shaft with two universal joints exposed. The plaintiff's deposition indicates that the pump was emitting a loud noise as well as radiating some heat. There was no one attending the pump nor did any sign or fence either warn of or prevent access to the same.
Shortly after arriving at the vicinity of the pump the plaintiff's older brother went swimming. The plaintiff, at the time without his shirt on, began inspecting the pump's operation and simultaneously putting on his shirt. His shirt became enmeshed in the pump's rotating shaft and pulled his right hand and arm into the shaft. Although the extent of resulting injuries is disputed, suffice it to say that the plaintiff sustained severe injury to his right hand and arm.
The case was filed against the defendants on the three theories: 1) negligence in maintaining the pump; 2) attractive nuisance; and 3) that the pump was a dangerous instrumentality. Defendants responded with denials and affirmative defenses of comparative negligence and assumption of risk. Following discovery the defendant Limitee moved for summary judgment on the claims. Thereafter the trial judge in his order granting summary judgment to the defendants made several findings which included, inter alia, the following:
"(1) That the minor plaintiff's initial entry onto the property leased by NAPLES LIMITEE, INC., as more fully described in the plaintiff's Complaint, was a simple trespass and was not predicated upon any attractive nuisance;
"(2) That the irrigation pump, which was in operation on Defendant, NAPLES LIMITEE, INC.'S farm property on the date as alleged in plaintiff's Complaint, was not even secondarily the attraction for the minor plaintiff, RAYMOND JOHNSON'S, trespass onto said property;
"(3) That the irrigation pump in its normal operation does not create nor is it a dangerous instrumentality;"
We agree with the court's third finding that an irrigation pump in its normal operation does not constitute a dangerous instrumentality. Likewise, though not made the subject of a specific finding, we *547 concur that the plaintiff has failed to make out a claim for negligent maintenance of the pump. However, the applicability of the doctrine of attractive nuisance is more troublesome.
Section 339 of the Restatement of Torts dealing with this subject was quoted extensively with approval in Cockerham v. R.E. Vaughan Inc., 82 So.2d 890 (Fla. 1955). This section as now set forth in the Restatement of Torts 2d reads as follows:
"§ 339. Artificial Conditions Highly Dangerous to Trespassing Children
A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."
Significantly, the comment on clause (a) of the foregoing section states:
"e. Necessity that children's presence be caused by dangerous condition. It is not necessary that the defendant shall know that the condition upon his land is likely to attract the trespasses of children, or that the children's trespasses shall be due to the attractiveness of the condition. It is sufficient to satisfy the conditions stated in Clause (a) that the possessor knows or should know that children are likely to trespass upon a part of the land upon which there is a condition which is likely to be dangerous to them, because of their childish propensities to intermeddle or otherwise. Therefore the possessor is subject to liability to children who after entering the land are attracted into dangerous intermeddling by such a condition, although they were ignorant of its existence until after they had entered the land, if he knows or should know that the place is one upon which children are likely to trespass and that the condition is one with which they are likely to meddle."
There is ample evidence in the record below to reflect that children were permitted to come to the packing house to pick up culls. Furthermore, the farm management knew that children sometimes went into the fields because they had run them out on previous occasions. Thus, if Section 339 represents the law of Florida, the evidence in this case together with all reasonable inferences to be drawn therefrom would preclude the entry of a summary judgment against the plaintiff's claim based on attractive nuisance. The problem lies in the fact that in Concrete Const., Inc. of Lake Worth v. Petterson, 216 So.2d 221, 223 (Fla. 1968), our Supreme Court said:
"Although we often cite the Restatement in such instances as appropriate, we have never adopted it in the sense of altering basic elements in a cause of action. Since this Court first approved this so-called attractive nuisance doctrine in Stark v. Holtzclaw, supra [90 Fla. 207, 105 So. 330] we have steadfastly held that it must be alleged that defendant allured the youthful plaintiff upon the dangerous premises, for without such showing plaintiff could not attain a status of implied invitee, which status entitles him to recover based upon simple or ordinary negligence."
This statement points up the relevance of the first two findings of the court below. There is no doubt that plaintiff was not allured onto the premises by the existence *548 of the pump, because the children didn't even know about the pump until they had traveled some distance onto the property. Therefore, under the rationale of Concrete Const., Inc., the court below properly entered a summary judgment for the defendants.
We are obligated to follow the pronouncements of our Supreme Court, even though at times we might disagree. Therefore, we must affirm. Yet, we are convinced that Section 339 of the Restatement of Torts states the better rule. Although the dissent in Concrete Const., Inc., supra, was predicated upon the absence of a conflict of decisions, it is evident from the body of the dissenting opinion that the three dissenting justices likewise favored Section 339. In view of the passage of time since Concrete Const., Inc. was decided, the closeness of the decision and the continuing acceptance of the Restatements by the courts of Florida, we hereby certify this question as being of great public interest so as to give the Supreme Court the opportunity to revisit this important segment of the law.
GRIMES and SCHEB, JJ., concur.