376 So.2d 848 (1979)
Raymond JOHNSON, etc., Petitioner,
v.
Douglas BATHEY, etc., et al., Respondents.
No. 52739.
Supreme Court of Florida.
November 1, 1979.
G. Holdt Garver, of Garver & Manz, and Fred L. Gillette, Jr., of Parks, Gillette, Richman & Pilon, Naples, for petitioner.
*849 Gerald W. Pierce, of Henderson, Franklin, Starnes & Holt, Fort Myers, for respondents.
PER CURIAM.
This cause is before the Court on petition for certiorari to review a decision of the district court of appeal, Johnson v. Bathey, 350 So.2d 545 (Fla. 2d DCA 1977). The district court certified that its decision passed upon a question of great public interest. Art. V, § 3(b)(3), Fla. Const.
The decision of the district court was to affirm the trial court's summary judgment in favor of the defendants in an action for damages based on the negligence of the defendants as owners and occupiers of land. The defendants Bathey were the owners of the land. The defendant Naples Limitee, Inc. was the occupier under lease and was engaged in agricultural operations on the land.
According to the complaint and the deposition of the plaintiff, the lessee corporation allowed residents of the area to enter its premises to collect surplus vegetables at its packing house. Thus the nine-year-old plaintiff and his older brother allegedly entered the premises at the express or implied invitation of the defendant Naples Limitee. It was alleged that the company knew or should have known that persons would enter in response to this invitation and would do so by the route the boys chose.
While proceeding to the packing house, the boys digressed to swim in an irrigation ditch. There the plaintiff saw and heard a noisy irrigation pump in operation. He moved closer to investigate. The pump had two universal joints exposed and the plaintiff's shirt was caught in them. The result was that his hand and arm were pulled into the mechanism and injured.
In concluding that summary judgment was proper, the district court held that in an action based on attractive nuisance, there must be an allegation that the defendant "allured" the plaintiff upon the dangerous premises. Concrete Construction, Inc. v. Petterson, 216 So.2d 221 (Fla. 1968). The court observed:
There is no doubt that plaintiff was not allured onto the premises by the existence of the pump, because the children didn't even know about the pump until they had traveled some distance onto the property. Therefore, under the rationale of Concrete Const., Inc., the court below properly entered a summary judgment for the defendants.
Johnson v. Bathey, 350 So.2d at 547-48.
The district court certified to us the question of whether Concrete Construction is controlling or whether Section 339 of the Restatement of Torts, Second, should be adopted as the better rule. The Restatement dispenses with the required element of "allurement." We decline to follow the Restatement and adhere to Concrete Construction.
The decision of the district court is affirmed.
It is so ordered.
BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, C.J. and ADKINS, J., dissent.