PER CURIAM.
Wilkinson appeals the trial court’s dismissal of his second amended complaint, with prejudice, on the grounds the complaint fails to state a cause of action. We think that the allegations of the complaint, which must be accepted as true for purposes of dismissing the complaint, fairly state a cause of action on the theory that Wilkinson was an uninvited licensee and therefore the landowner in this case had a duty to warn Wilkinson of known dangers not open to ordinary observation. Wood v. Camp, 284 So.2d 691, 695 (Fla.1973); Post v. Lunney, 261 So.2d 146, 150 (Fla.1972); Libby v. West Coast Rock Company, Inc., 308 So.2d 602, 604 (Fla. 2nd DCA 1975). Further, we think that the allegations suggest that the danger posed by the skylight was not open to ordinary observation and that this fact, as well as all other allegations of ultimate fact, might be appropriately determined on a motion for summary judgment, or at trial, as the case requires. See Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974).
Reversed and Remanded with proceedings not inconsistent with this opinion.
McCORD, Acting C. J., and LARRY G. SMITH and SHIVERS, JJ., concur.