421 So.2d 582 (1982)
Clinton E. MORRIS, Jr., Appellant,
v.
FLORENTES, INC., et al., Appellees.
No. 81-1473.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
Rehearing Denied November 18, 1982.
*583 James O. Cunningham of Billings, Morgan & Cunningham, Orlando, and Marcia K. Lippincott, Sanford, for appellant.
E. Clay Parker of Parker, Johnson, Owen & McGuire, Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Clinton Morris, Jr. appeals from an order dismissing his second amended complaint with prejudice for failure to state a cause of action.
Morris was riding a motorcycle known as a "dirt bike" on property owned by Florentes, Inc. and was injured when his bike hit the bank of a ditch which cut across the trail. Morris filed suit against Florentes alleging that Florentes knew or should have known that its property was commonly used in the recreational operation of dirt bikes, that such use had not been restricted or prohibited by Florentes, that Morris was a foreseeable but uninvited user of an existing bike trail on the property, that the ditch presented an extreme danger to those unfamiliar with the bike trail, that Florentes had a duty to warn of this condition, and that as a result of Florentes' negligence, Morris sustained serious injuries.
We agree that the second amended complaint failed to state a cause of action. The appropriate duty of care owed a visitor by the owner or occupier is determined by the status of the visitor. Post v. Lunney, 261 So.2d 146 (Fla. 1972). Here, Morris was, at best, an uninvited licensee;[1] at worst, a trespasser. This court has recently noted that the distinction between the duty owed by a landowner to these two classes is hazy (if a distinction exists), but that the labels have been preserved. Dougherty v. Hernando County, 419 So.2d 679 (Fla. 5th DCA 1982) [1982 F.L.W. 1815]. The duty owed by a landowner to an uninvited licensee or a discovered trespasser is essentially the same; to avoid willful and wanton harm to him, and to warn him of a defect or condition known by the landowner to be dangerous when such danger is not open to ordinary observation by the licensee or trespasser. Post v. Lunney.
When the factual allegations of Morris' second amended complaint (as distinguished from its conclusions), are measured against Florentes' obligations to him, it becomes clear that a cause of action was not stated. There is no allegation that Florentes acted in a willful and wanton manner. Florentes' duty to warn related only to those dangerous conditions known to it which were not open to ordinary observation by the licensee. Even assuming that the ditch was a dangerous condition, it was nevertheless, open to ordinary observation. It cannot be said that the property owner should have reasonably contemplated that a ditch could not be readily seen in broad daylight.[2]
*584 Our holding is consistent with section 342 of the Restatement (Second) of Torts (1965) which states:
Dangerous Conditions Known to Possessor
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved. (emphasis added)
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] See Savignac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981); Libby v. West Coast Rock Co., Inc., 308 So.2d 602 (Fla. 2d DCA 1975).
[2] We suspect that dirt bikers specifically seek rough terrain because that is where their vehicles are designed to be used and their skills best demonstrated.