PER CURIAM.
This is an appeal of a summary final judgment rendered in favor of appellee, Florida Power & Light Company. We reverse and remand for further proceedings consistent herewith.
Two-year-old Brieanne Bottita was playing with other children near a Florida Power & Light Company transformer located between two of her neighbors’ homes. Allegedly, the earth beneath a corner of the transformer pad had eroded and the child caught her foot under the pad and fell, thereby injuring her chin. The child’s mother, Grace Bottita, initiated this personal injury action against F.P. & L. claiming that F.P. & L. owned, operated, maintained and controlled the “electrical box.” Bottita alleged that the dangerous condition of the electrical box was known or should have been known to F.P. & L., or that F.P. & L. allowed the electrical box to become elevated off the ground, thereby becoming unsafe. Bottita further alleged that F.P. & L. had a duty to use reasonable and ordinary care to maintain the premises in a safe condition; that F.P. & L., breached its duty in negligently failing to maintain the electrical box and surrounding premises in a safe condition; or alternatively, that F.P. & L. was negligent in failing to warn Botti-ta of the danger.
Citing to Wood v. Camp, 284 So.2d 691 (Fla.1973), Bottita contends that the trial court erred in granting summary final judgment in favor of F.P. & L., as the determination of the child’s status on F.P. & L.’s property was a genuine issue of material fact that should properly have been decided by a jury rather than by the trial judge. The specific factual issue which Bottita contends existed is whether the child’s status on F.P. & L.’s property at the time of the subject accident was that of a “licensee by express or reasonably im *1199 plied invitation” or an uninvited licensee or trespasser — as the trial judge concluded her status to have been. Bottita points out that if the child were determined to have been an invitee by virtue of being a “licensee by express or implied invitation,” then F.P. & L. would have owed the child the duty of reasonable care, i.e., to protect her from the dangerous condition it was aware of or should have been aware of.
In Wood the Florida Supreme Court stated that:
It may be that on the facts in a particular case the determination of the category of the plaintiff must be determined as a matter of law by the trial judge, ... other causes will present a factual issue for the jury as to whether plaintiff is invitee, licensee or trespasser under appropriate instructions. We feel that the present case falls into this latter division for the jury.
Id. at 696. Without setting forth the facts underlying the case, the court concluded that Wood fell into the latter category, in which the determination of the plaintiffs status presented a jury question. Noting that the facts could have supported a reasonable inference of negligence sufficient for the plaintiffs recovery as an invited guest, the Wood court found summary judgment to be improper and remanded the case for jury trial.
In our view, the case at bar is one of those cases contemplated by Wood v. Camp as requiring the trier of fact to decide the status of the injured two-year-old child. At the very least, we believe that the facts must be more fully developed before a judgment on the issue may be made.
GLICKSTEIN and GUNTHER, JJ„ concur.
ANSTEAD, J., concurs specially with opinion.