583 So.2d 1070 (1991)
Janie R. LUKANCICH, Personally and As Natural Guardian and Next Friend to Michelle Lee Lukancich, Her Minor Child, Appellant,
v.
CITY OF TAMPA, Appellee.
No. 90-02078.
District Court of Appeal of Florida, Second District.
July 10, 1991.
*1071 Edward B. Knauer, Tampa, for appellant.
Pamela K. Akin, City Atty., and Jack M. Larkin, Asst. City Atty., Tampa, for appellee.
PARKER, Judge.
Janie R. Lukancich, personally and as natural guardian and next friend to Michelle Lee Lukancich, her minor child, plaintiff in the trial court, appeals a summary judgment entered in favor of the City of Tampa in an action for personal injury/premises *1072 liability. We reverse, concluding that there are disputed issues of material fact which preclude the entry of summary judgment.
Michelle injured her eye in 1985 while playing with friends and her sister in an alley near her residence. The alley, approximately ten feet wide and running behind residences on both sides, contained weeds and bushes as tall as Michelle and debris consisting of sticks, branches, leaves, bottles, cans, and other waste materials. Michelle testified that the weeds and bushes prevented her from seeing the object which caused her to stumble and fall. Although there was impeachment of her testimony at deposition, Karen Helton, a friend of Michelle, testified that Michelle fell because of all the grass and debris.
In her fourth amended complaint, appellant alleged that Michelle went upon the property as an invitee. The City filed a motion for summary judgment, alleging that Michelle was not an invitee but, at most, an uninvited licensee or trespasser and, therefore, the City breached no duty which was owed to her. The trial court granted the motion for summary judgment in favor of the City, finding as a matter of law that appellant's minor child was either an uninvited licensee or trespasser.
A person who goes upon the property of another is either an invitee, licensee, or trespasser. Post v. Lunney, 261 So.2d 146 (Fla. 1972). A public invitee is a licensee on the premises by invitation, either express or reasonably implied, of the owner or controller of the property. Wood v. Camp, 284 So.2d 691 (Fla. 1973).[1] An uninvited licensee is a person who chooses "to come upon the premises solely for ... [his] own convenience without invitation either expressed or reasonably implied under the circumstances." Wood, 284 So.2d at 695. Finally, a trespasser is a person "who enters the premises of another without license, invitation, or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler with no apparent purpose, other than perhaps to satisfy his curiosity." Post, 261 So.2d at 147 (quoting 23 Fla.Jur. Negligence § 54 (1959)).
The importance of the classification is that the owner or controller of the property owes varying degrees of care based on whether the person is an invitee, licensee, or trespasser. The status of the person on the premises of another is generally a question of fact. Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA), cert. denied, 348 So.2d 946 (Fla. 1977). The case of Bottita v. Florida Power & Light Company, 534 So.2d 1198 (Fla. 4th DCA 1988), which is similar to the instant case, demonstrates this legal principle. In Bottita, a child was injured while playing with other children when she fell over a Florida Power transformer located between two of her neighbor's homes. The fourth district held that summary judgment was improper because there was a question of fact regarding the status of the child. The concurring opinion noted that the child fell "where children, like the minor plaintiff, were free to come and go." Bottita, 534 So.2d at 1199 (Anstead, J., concurring specially). Likewise, it cannot be said as a matter of law in the instant case that the minor plaintiff was not an invitee by virtue of being a licensee by implied invitation.
Even if the minor plaintiff were found to be an uninvited licensee, there are disputed facts in the record regarding whether the City exercised the requisite degree of care. An owner or controller of property must refrain from wanton negligence or wilful misconduct which would injure an uninvited licensee, must refrain from intentionally exposing the uninvited licensee to danger, and must warn an uninvited licensee of a defect or condition known to the owner or controller of the land when the danger is not open to ordinary observation by the licensee. Collom v. Holton, 449 So.2d 1003 (Fla. 2d DCA 1984). It is disputed whether the City knew of the dangerous condition on the *1073 land. The City alleged in an affidavit in support of its motion for summary judgment that it did not know the condition of the alleyway. On the other hand, appellant presented evidence from which it could be inferred reasonably that the City controlled and maintained the land and, therefore, knew or should have known of the dangerous condition of the land. In opposition to the City's motion, Patrick Hughes, an adjoining property owner, testified that the City cleaned the alley on a regular basis from the early 1950's until approximately 1964 and occasionally thereafter. Sarah Busciglio, another adjoining property owner, submitted an affidavit that stated that the City had controlled and maintained the alley since 1967 and had dispatched work crews to clean the alley upon numerous occasions. Michelle's mother also testified that on one occasion before the accident, the City required her family to remove some leaves that the family had placed in the alleyway. Thus, appellant has raised sufficient facts from which the trier of fact could infer that the City had actual or constructive knowledge of the dangerous condition of the alley.
Appellant also presented evidence from which it could be inferred reasonably that the danger was not open to a licensee's ordinary observation. Deponents described the alleyway as being overgrown with weeds and bushes and containing debris. But cf. Libby v. West Coast Rock Co., 308 So.2d 602 (Fla. 2d DCA), cert. denied, 325 So.2d 6 (Fla. 1975) (open rock pit easily observable to persons coming onto the property).
We have not overlooked the fact that appellant pleaded that Michelle was an invitee and that she never pleaded that Michelle was a licensee; however, as discussed above, affidavits and depositions filed in the trial court sufficiently raised the issue of whether the City exercised the degree of care required for the protection of an uninvited licensee. Thus, appellant should not be precluded from proving that Michelle was an uninvited licensee and that the City failed to exercise the degree of care due an uninvited licensee. See McClendon v. Key, 209 So.2d 273 (Fla. 4th DCA 1968) (summary judgment should be denied and the complaint amended when the filings in the trial court can support a theory of recovery which was not pleaded even when leave to amend was not sought in the trial court); Riviera Printing Co. v. Hessler's, Inc., 109 So.2d 778 (Fla. 3d DCA 1959). Cf. City of Pinellas Park v. Cross-State Utilities Co., 176 So.2d 384 (Fla. 2d DCA), cert. denied, 183 So.2d 214 (Fla. 1965) (when record reveals a defense is available, even though that defense was neither pleaded nor argued, summary judgment should be denied and leave to amend granted); Curley v. Finest Homes, Inc., 167 So.2d 739 (Fla. 2d DCA 1964) (summary judgment improper when affidavits indicate defenses are available but not pleaded).
The City also claims that it should have no liability because it did not own, maintain, or control the alley. In support of this factual assertion, the City filed an affidavit of one of its employees which stated that the City had not maintained that alleyway on any regular basis. Further, the affiant alleged that the City occasionally, at the request of a landowner or the public at large, would clean the alley about once every two years. As shown above, the appellant put in issue whether the City maintained and controlled the alleyway. Certainly, appellant presented sufficient evidence to have that question resolved by the trier of fact. Even if the City does not own the property, if it assumed control over the property, it also assumed the responsibility to exercise the requisite degree of care toward the various classes of persons who are on the premises. See Arias v. State Farm Fire & Casualty Co., 426 So.2d 1136 (Fla. 1st DCA 1983).
In summary, we conclude that there are material issues of fact regarding the status of Michelle and whether the City exercised the proper duty of care toward her. Accordingly, the summary final judgment is reversed and the matter remanded to the trial court for proceedings consistent with this opinion.
*1074 Finally, we note that appellant filed a motion for rehearing and a motion for leave to amend her complaint based upon a letter from the Hillsborough County Property Appraiser's Office which stated that the City owned the alley in question. Appellant, therefore, sought to amend the complaint to add the allegation that the City not only maintained and controlled the alleyway but also owned the alleyway. Because this matter is being remanded to the trial court for further proceedings, appellant should be permitted to amend her complaint to allege City ownership of the alley.
Reversed and remanded.
RYDER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] A person also could be a business invitee, but appellant's minor child, under no set of facts, could be classified as such.