OWEN, WILLIAM C., Jr., Senior Judge.
The sixteen year old appellant sued ap-pellee for damages as result of injuries sustained when he ran into a concealed guardrail while riding his dirtbike on appel-lee’s property. The trial court dismissed appellant’s two count third amended complaint with prejudice. We reverse.
Count I of the third amended complaint was based upon a breach of the duty which a landowner owes to an uninvited licensee to warn of a known defect or dangerous condition when such defect or dangerous condition is not open to ordinary observation by the licensee. The trial court, in granting appellee’s motion to dismiss apparently did so on the only basis asserted in the motion, i.e., that a cause of action could not be stated on behalf of an uninvited licensee absent an allegation of wanton negligence or willful misconduct on the part of the landowner.
The duty which a landowner owes to an uninvited licensee is to refrain from wanton negligence or' willful misconduct which would injure him and to warn him of a defect or condition known to the landowner to be dangerous when such danger is not open to ordinary observation by the licensee. Libby v. Westcoast Rock Co., 308 So.2d 602 (Fla. 2d DCA), cert. denied, 325 So.2d 6 (Fla.1975); Florida Eastcoast Ry. Co. v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982), review denied, 427 So.2d 736 (Fla.1983) and Lukancich v. City of Tampa, 583 So.2d 1070 (Fla. 2nd DCA 1991). These duties are separate and distinct and the allegations of the breach of any one is sufficient to state a cause of action on behalf of an uninvited licensee. Appellee cites Morris v. Florentes, Inc., 421 So.2d 582 (Fla. 5th DCA 1982) for the proposition that an uninvited licensee who fails to allege that the landowner acted in a “willful and wanton manner” fails to state a cause of action. In the Morris case the court did, indeed, hold the absence of such an averment was fatal. However, a reading of the court’s opinion in that case reveals that the absence of this allegation was fatal only because the allegation of the landowner's failure to warn of the dangerous condition would not, as a matter of law, apply to a condition such as a ditch which was open to ordinary observation in broad daylight.
Count II of the third amended complaint is based on the theory of attractive nuisance, appellant alleging that he was a trespasser allured to appellee’s property by the dirtbike path which contained the concealed hazardous condition. Again, surmising the basis of the court’s order of dismissal from the grounds argued in the motion to dismiss, the court apparently concluded that the status of appellant could not be that of a trespasser in view of his allegation in Count I that he was an uninvited licensee, and that in any event there is no cause of action in Florida under the attractive nuisance doctrine.
As to the first basis, Rule 1.110(g), Florida Rules of Civil Procedure permits alternative claims either in one count or in separate counts, regardless of consistency. See e.g., Rausch-Livingston Real Estate, Inc. v. Dixon, 260 So.2d 290 (Fla. 2nd DCA 1972); Ogden v. Groves, 241 So.2d 756 (Fla. 1st DCA 1970). As to the second ground, while we need not here trace the history and development of the doctrine of attractive nuisance, we know that children trespassing on the land of another may under appropriate allegations maintain an action of negligence against the landowner under the attractive nuisance doctrine. Martinello v. B & P USA, Inc., 566 So.2d 761 (Fla.1990).
Appellee also argues that Count II is defective because a plaintiff suing for negligence grounded on attractive nuisance theory must plead and prove that the child was lured or attracted onto the premises by the condition which ultimately injured him, citing Johnson v. Bathey, 376 So.2d 848 (Fla.1979); Concrete Construction, Inc. v. Petterson, 216 So.2d 221 (Fla.1968); and Estate of Starling v. Saha, 451 So.2d 516 (Fla. 5th DCA), revew denied, 458 So.2d 273 (Fla.1984). Without discoursing on whether the two cited supreme court decisions mandate that construction, we think the Starling case makes clear that such a requirement should not be applied so liter *791 ally as to abolish the attractive nuisance doctrine to concealed dangers. In any event, in this case the dangerous condition causing appellant’s injury was a steel guardrail stretching across the path and an integral part of the dirtbike path, the condition which lured appellant onto the premises.
Reversed and remanded.
ANSTEAD and WARNER, JJ., concur.