Taylor, J.
In this premises liability action, the plaintiff, Delores Arp, appeals a final judgment entered in favor of one of the defendants, W.E. Association, Inc,, following the trial court’s order granting W.E. Association’s motion for summary judgment. Because the plaintiff was an uninvited licensee at best, and because W.E. Association did not breach any duty it owed to her in her capacity as an uninvited licensee, we affirm.
At around 11:00 p.m. one evening, the plaintiff was injured while walking over a pathway of “paver stones” located in the area of a utility easement on property owned by W.E. Association and operated as a shopping center. The plaintiff stepped on a cracked paver stone that was “a little loose,” causing her to roll her ankle and fall. The accident occurred as the plaintiff and a companion were walking back to the plaintiffs home after taking a dinner cruise in Delray Beach.
Although the plaintiff and her companion had walked along public roads on the way to the dinner cruise, they decided to take a shortcut on the way home. To access the plaintiffs street via this “cut through,” one has to go through the shopping center’s parking lot, step over a raised curb at the end of the parking lot, and then walk through a grassy area, over a short path of paver stones located next to a storm pump station, through more grass, and around a guardrail.
The “cut through” area of the property is subject to a perpetual easement in favor of the City of Delray Beach for the purpose of the installation and maintenance of public utilities. The easement contains multiple storm pumps, which are maintained by the City.
The “cut through” did not have a “No Trespassing” sign at the time of the incident. The plaintiff testified that she regularly saw other people using the “cut through.”
On the evening of the accident, the plaintiff did not visit any of the businesses in the shopping center. The reason she took the shortcut on W.E. Association’s property was because she “Cjjust wanted to get home.”
The plaintiff filed a negligence action against W.E. Association and other defendants, alleging that she was an implied invitee on the property by virtue of the creation of the pathway and that she was injured as a result of the defendants’ negligent maintenance of the pathway. The plaintiff later filed an amended complaint, adding the City as a defendant.
W.E. Association ultimately moved for summary judgment, arguing in relevant part that: (1) it did not breach any duty to the plaintiff, who was either a trespasser or an uninvited licensee, and (2) it had no duty to maintain an area covered by an exclusive utility easement granted to the City.
The trial court granted the motion for summary judgment, finding that there were no genuine issues of material fact. The trial court reasoned that the plaintiff “was at best a licensee” and that W.E. Association’s “only duty was not to harm her willfully or wantonly.”[1] The trial court later entered a final judgment in favor of W.E. Association.
On appeal, the plaintiff argues that summary judgment was improper because she was an implied invitee on the property. *120 She claims that the paver stones were open to the public and were utilized by the public as a convenient pathway between the shopping center and the nearby residences. Alternatively, she argues that factual issues regarding her status on the property created a question for the jury. For the reasons that follow, we find the plaintiffs arguments unpersuasive.
An order granting summary judgment is reviewed de novo. Fla. Atl. Univ. Bd. of Trs. v. Lindsey, 50 So.3d 1205, 1206 (Fla. 4th DCA 2010).
“Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.” Cohen v. Arvin, 878 So.2d 403, 405 (Fla. 4th DCA 2004). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.” Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). “[A]ll inferences must be made in favor of the non-moving party.” Cohen, 878 So.2d at 405.
Under the common law, a visitor who enters the private property of another falls within one of three classifications: an invitee, a licensee, or a trespasser.[2] Post v. Lunney, 261 So.2d 146, 147 (Fla. 1972). “The classification of the entrant is significant because the duty of care owed by the landowner varies according to the visitor’s status.” Barrio v. City of Miami Beach, 698 So.2d 1241, 1243 (Fla. 3d DCA 1997). The only duty a landowner owes to a trespasser or uninvited licensee is “to avoid willful or wanton harm to him and, upon discovery of his presence, to warn him of any known dangers which would not be open to his ordinary observation.” Nolan v. Roberts, 383 So.2d 945, 946 (Fla. 4th DCA 1980).
An invitee is a visitor on the premises by invitation, either express or reasonably implied, of the owner. Wood v. Camp, 284 So.2d 691, 695 (Fla. 1973). An “invitation” means that “the visitor entering the premises has an objectively reasonable belief that he or she has been invited or is otherwise welcome on that portion of the real property where injury occurs.” § 768.075(3)(a)l., Fla. Stat. (2011). However, erecting “No Trespassing” signs “is purely optional to a landowner,” so the absence of such signs does not mean that a landowner has impliedly invited the public on the land. Bishop v. First Nat’l Bank of Fla., Inc., 609 So.2d 722, 725 (Fla. 5th DCA 1992).
In determining whether one attains the status of invitee, Florida courts apply the “invitation test.” Post, 261 So.2d at 148-49. As we have explained:
[T]he invitation test bases “invitation” on the fact that the occupier by his arrangement of the premises or other conduct has led the entrant to believe that the premises were intended to be used by visitors for the purpose which this entrant was pursuing, and that such use was not only acquiesced in by the owner or possessor, but that it was in accordance with the intention and design with which the way or place was adopted or prepared.
Smith v. Montgomery Ward & Co., 232 So.2d 195, 198 (Fla. 4th DCA 1970).
An uninvited licensee is a person who chooses “to come upon the premises solely for [his or her] own convenience *121 without invitation either expressed or reasonably implied under the circumstances.” Wood, 284 So.2d at 695. “An uninvited licensee is neither an invitee nor a trespasser, but rather, a legal status in between whose presence is neither sought nor forbidden, but merely permitted or tolerated by the landowner.” Bishop, 609 So.2d at 725. For example, a visitor who entered the premises of an office building for the purpose of finding a phone to call a cab was held to be an uninvited licensee, as she “could not have reasonably believed that the owner had asked her onto its premises for a mission which so obviously served only her personal convenience and did not benefit the landlord in any way.”[3] Iber v. R.P.A. Int'l Corp., 585 So.2d 367, 369 (Fla. 3d DCA 1991).
Finally, a trespasser is a person “who enters the premises of another without license, invitation, or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler with no apparent purpose, other than perhaps to satisfy his curiosity.” Post, 261 So.2d at 147 (quoting 23 Fla. Jur. Negligence § 54 (1959)). A trespasser may be a “discovered trespasser” or an “undiscovered trespasser.” § 768.075(3)(a)2. & 3., Fla. Stat. (2011). An “undiscovered trespasser” is “a person who enters property without invitation, either express or implied, and whose actual physical presence was not detected, within 24 hours preceding the accident, by the person or organization owning or controlling an interest in real property.” § 768.075(3)(a)3., Fla. Stat. (2011). Nonetheless, when a landowner knows of the continued existence of previous trespassers over a substantial period of time, a trespasser who is injured on the land becomes elevated to the status of an uninvited licensee. Libby v. W. Coast Rock Co., Inc., 308 So.2d 602, 604 (Fla. 2d DCA 1975).
A plaintiffs status on property may be determined as a matter of law in some cases, but in others it may present a factual question for the jury:
It may be that on the facts in a particular case the determination of the category of the plaintiff must be determined as a matter of law by the trial judge, as in other cases in this respect; other causes will present a factual issue for the jury as to whether plaintiff is invitee, licensee or trespasser under appropriate instructions.
Wood, 284 So.2d at 696.
For example, in Bottita v. Fla. Power & Light Co., 534 So.2d 1198, 1198-99 (Fla. 4th DCA 1988), we reversed a summary judgment in favor of Florida Power and Light, holding that the trier of fact was required to decide the status of a two-year-old child who was playing with other children near a transformer located between two of her neighbors’ homes and was injured when she tripped on a transformer pad. We explained: “At the very least, we believe that the facts must be more fully developed before a judgment on the issue may be made.” Id. at 1199.
Here, the trial court properly granted summary judgment to W.E. Association. The undisputed facts established that the plaintiff was, at best, an uninvited *122 licensee, and that W.E. Association did not breach any duty it owed to her in her capacity as an uninvited licensee. The plaintiffs reliance upon the Bottita case is misplaced, as that case is factually distinguishable and involved a record that was not “fully developed” as to the status of the claimant. By contrast, under the fully developed record of this case, the determination of the plaintiffs status may be determined as a matter of law.
The plaintiff was on W.E. Association’s property late at night; she was not there to visit any of the businesses in the shopping center, and she was taking a shortcut on the property solely for her own convenience. She was on the easement area without invitation, either expressed or reasonably implied under the circumstances. Put simply, no one would reasonably believe that the area near the storm pumps was “intended to be used by visitors for the purpose which this entrant was pursuing, and that such use was ... in accordance with the intention and design with which the way or place was adopted or prepared.” Smith, 232 So.2d at 198.
This is not a case where the plaintiffs status on the property presents a factual question for the jury. No reasonable jury could conclude from this record that the easement area was designed as a “convenient path” for pedestrians to use to reach the shopping center. Although the property contains a short pathway of paver stones next to a storm pump station, the area plainly was not intended tó be used by visitors as a walkway to and from the parking lot of the shopping center.
Contrary to the plaintiffs suggestion, the absence of a “No Trespassing” sign does not constitute an implied invitation by the owner. See Bishop, 609 So.2d at 725. Nor can an implied invitation be inferred from the fact that others may have trespassed upon the easement area of the property over a substantial period of time. In short, the undisputed facts show that the plaintiff entered W.E. Association’s property, including the area of the City’s utility easement, without any express or reasonably implied invitation.
Finally, the record establishes, without genuine issue of material fact, that W.E. Association did not breach any duty it owed to the plaintiff as an uninvited licensee or trespasser. First, W.E. Association did not -willfully or wantonly harm the plaintiff. Second, the property did not contain any “known dangers” that were not open to ordinary observation. The condition of the paver stones was open to ordinary observation. Moreover, even if there were concealed dangers on the property, W.E. Association was not aware of the plaintiffs presence on the property until after the incident. The duty to warn an uninvited licensee or trespasser of a concealed danger known to the owner arises only when the owner discovers the entrant’s presence on the property.
For the foregoing reasons, we affirm the summary judgment in favor of W.E. Association.

Affirmed.

Gerber and Klingensmith, JJ., concur.

. The trial court did not address W.E. Association’s alternative argument for summary judgment—namely, that it owed no duly to the plaintiff because the accident occurred on a utility easement that was maintained by the City. We likewise decline to reach that issue.

. Section 768.075(3), Florida Statutes (2011), which in certain circumstances provides tort immunity to owners of real property for injuries to trespassers on the property, divides the status of entrants into slightly different categories: invitees, discovered trespassers, and undiscovered trespassers.

. Other examples abound in the case law. See, e.g,, Barrio, 698 So.2d at 1242-43 (a plaintiff who was injured during a robbery that occurred while she was visiting a closed public beach at about 3:30 a.m. was held to be an uninvited licensee because the City "neither affirmatively promotes nor discourages visitation to the beach during these early morning hours”); Morris v. Florentes, Inc., 421 So.2d 582, 583 (Fla. 5th DCA 1982) (motorcyclist was, at best, an uninvited licensee where he was an uninvited user of a bike trail on the defendant’s property, which was commonly used in the recreational operation of dirt bikes without being restricted or prohibited by the defendant).